UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND CAREY, JR.                                                  CIVIL ACTION

VERSUS                                                              NO. 25-1899

GAYLE CARTER, *et al.*                                              SECTION M (3)

**ORDER & REASONS**

Before the Court is a motion to dismiss filed by defendants Gayle Carter and Tyesia Shelton (collectively, the "Defendants").[1] Plaintiff Raymond Carey, Jr. responds in opposition,[2] and the Defendants reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because the Defendants are individuals, and individuals cannot face liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII").

I.  **BACKGROUND**

The present action arises out of Carey's allegations of employment discrimination in violation of Title VII.[4] Carey, who is proceeding *pro se*, alleges that the Defendants, both of whom were his supervisors at a Walmart Supercenter ("Walmart") in Chalmette, Louisiana, retaliated against him and discriminated against him based on his gender or sex.[5]

The following facts are taken from Carey's complaint. Carey was employed at Walmart, where Carter and Shelton were also employed as "people lead" and "store lead," respectively.[6] On

---

[1] R. Doc. 11. The complaint improperly identified Tyesia Shelton as "Tyesha Shelton." *Id.* at 1.
[2] R. Doc. 14.
[3] R. Doc. 15.
[4] R. Doc. 1 at 3.
[5] *Id.* at 2-4.
[6] *Id.* at 2.

July 24, 2024, Carter informed Carey that he had been fired and that someone would contact him later to explain the reason for his termination.[7] Carey, however, was not provided with any such explanation, even after he contacted Walmart to request a reason for his termination.[8] Carey then sought unemployment benefits from Walmart on September 29, 2024.[9] On October 4, 2024, he received a letter from the Louisiana Workforce Commission ("LWC") explaining that, because he was discharged based on his failure to report to work, he would not receive unemployment benefits.[10] The LWC's letter was the first Carey had heard of the reason for his termination.[11]

Carey submits that he gave his manager advance notice of the dates and hours he was available to work and that no Walmart employee contacted him about his absences before he was fired.[12] Thus, Carey says that his termination was retaliatory and discriminatory. First, he claims that Shelton's attacks against him began after Carey reported harassment from Shelton's friend.[13] Carey does not provide details of the alleged harassment or of his report, instead pointing to two memos from December 5, 2023, and May 1, 2024, as evidence of the retaliation, neither of which is attached to his complaint.[14] Second, Carey alleges that "[b]etween June 10, 2024 to July 24," Shelton, Carey's supervisor, removed him from the schedule, which caused him to "accumulate … 7.5 points."[15] And while Shelton purportedly permitted female employees' "points" to be

---

[7] R. Doc. 1-1 at 1. In his complaint, Carey provides conflicting information about which year the alleged discriminatory and retaliatory conduct occurred. *See id.* at 1-2. Carey writes in some places that he was terminated on July 24, 2025, but the Court presumes that Carey was actually terminated on July 24, 2024, based on the dates Carey provides for certain other events in his complaint and the EEOC's right to sue letter, issued after its investigation, which is dated July 31, 2025. *Id.* at 2 (explaining that Carey's request for unemployment benefits was denied on October 4, 2024); R. Doc. 1-2 at 1 (EEOC's right to sue letter dated July 31, 2025). In any event, the date of Carey's termination is not material to the present motion.
[8] R. Doc. 1-1 at 1-2.
[9] *Id.* at 2.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.* at 4.
[14] *Id.*
[15] *Id.* at 2.

2

deleted from the system, thereby allowing them to "start over with a clean slate," Carey contends that Shelton did not give the same benefit to male employees (and that her conduct was thus discriminatory).[16] Carey does not explain the meaning of a "point" or the function of any points system.

Carey instituted a charge against Walmart with the Equal Employment Opportunity Commission ("EEOC").[17] The EEOC dismissed the charge, and Carey received a right to sue letter from the EEOC on July 31, 2025.[18] Carey filed the present action on September 12, 2025, naming only two defendants: Gayle Carter and Tyesia Shelton.[19] Carey requests back pay, unemployment benefits, damages for his pain and suffering, and punitive damages.[20] The Defendants filed the present motion to dismiss Carey's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[21]

## II.   LAW & ANALYSIS

### A. Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does

---

[16] *Id.* at 4.
[17] R. Doc. 1-2.
[18] *Id.*
[19] R. Doc. 1 at 1-2.
[20] R. Doc. 1-1 at 5-6.
[21] R. Doc. 11.

3

not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether

4

the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

B. Analysis

The Defendants, in their motion to dismiss, argue that Carey's complaint fails to state a claim for relief because Title VII liability attaches only to employers, not to individuals.[22] Thus, say the Defendants, Carter and Shelton are not "employers" to whom liability might attach under

---

[22] R. Doc. 11-1 at 3-4.

Title VII.[23] Responding in opposition, Carey largely restates the allegations in his complaint.[24] He also claims that the EEOC's right to sue letter grants him the authority to pursue all claims pertinent to his EEOC charge.[25] Further, he mentions purported discrepancies with the appeal of the denial of his unemployment benefits.[26] And finally, Carey says that Shelton and Carter are the proper defendants, as they made appearances at the telephone hearing on Carey's aforementioned appeal.[27] In reply, the Defendants urge that the EEOC's right to sue letter cannot "override the statutory text of Title VII" to permit individual liability,[28] and that to the extent Carey's claims take issue with the appeal of the denial of his unemployment benefits, "qualification for unemployment benefits is a question for" a state court, rather than a federal court.[29]

As noted, Carey is proceeding *pro se*. A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)). "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there." *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

---

[23] *Id.*
[24] R. Doc. 14 at 3-4.
[25] *Id.* at 3.
[26] *Id.* at 4-5.
[27] *Id.* at 5.
[28] R. Doc. 15 at 2.
[29] *Id.* (citing *Mathis v. Pinnacle Ent., Inc.*, 2014 WL 2880217, at *6 (W.D. La. June 23, 2014)).

Even employing a liberal reading, Carey has failed to state a claim for relief against the Defendants because neither Carter nor Shelton may be held liable under Title VII.  The Fifth Circuit has made clear that "[i]ndividuals are not liable under Title VII in either their individual or official capacities."  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Tatum v. Gardner*, 2026 WL 396353, at *1 (5th Cir. Feb. 12, 2026) ("Title VII does not allow damages claims against individual defendants."); *see also Hilliard v. Parish*, 991 F. Supp. 2d 769, 774 (E.D. La. 2014) ("The law is clear in the Fifth Circuit that there is no individual liability under Title VII.").  Carey has named only his individual supervisors, Carter and Shelton, as defendants in the present action.  Neither can be held liable under Title VII.

Further, the Court need not consider whether Carey has stated a claim regarding the determination of his unemployment benefits and his subsequent appeal proceedings.  Carey asserted no claim arising out of those facts in his complaint, and a complaint cannot be amended by means of an opposition to a motion to dismiss.  *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011).

As a result, Carey has not stated a claim for relief, and his complaint will be dismissed.  The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, *unless it is clear that the defects are incurable* or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (emphasis added).  This Court recognizes the gravity of a dismissal on the complaint alone.  However, the defects in

7

Carey's complaint cannot be cured through amendment because, as a matter of law, the named defendants are not subject to liability for the claims that Carey asserts against them. Therefore, Carey's complaint will be dismissed with prejudice. *See Hilliard*, 991 F. Supp. 2d at 774 (dismissing plaintiff's Title VII claims against her supervisors in their individual capacity with prejudice).

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Defendants' motion to dismiss (R. Doc. 11) is GRANTED, and Carey's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of February, 2026.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE